PER CURIAM.
Appellant was informed against, tried by a jury, convicted and adjudged guilty of robbery. His several contentions on appeal have been considered in the light of the record, briefs and arguments of counsel, and are held to be without merit. Relying on Messer v. State, 120 Fla. 95, 162 So. 146, appellant contends certain questions propounded by the prosecuting assistant state attorney to the appellant and his witnesses, on cross-examination, created an innuendo that appellant had been involved in other crimes not relevant under the decision in Williams v. State, Fla.1959, 110 So.2d 654, 656, such as to “arouse in the minds of the jury a spirit of resentment” against the appellant and thus deprive him of a fair trial. We cannot agree, on this record. See Feldman v. State, Fla.App. 1967, 194 So.2d 48. Inspection of the record convinces us that the evidence was sufficient to support the verdict. The trial court’s denial of appellant’s motion to require the state attorney to produce certain documents, which consisted of public records open to inspection under § 119.01 Fla. Stat., F.S.A., was not error. No reversible *134 error was committed by the trial court in requiring the appellant, at trial, to show his chest, where the victims testified that a scar had been observed on appellant’s exposed chest at the time of the alleged offense. We make no ruling on appellant’s challenge of the constitutionality of his trial by six rather than by twelve jurors, as the contention was not raised in the trial court.
The judgment appealed from is affirmed.