222 So.2d 769 (1969)
David MAHONE, Appellant,
v.
The STATE of Florida, Appellee.
No. 68-698.
District Court of Appeal of Florida. Third District.
April 29, 1969.
On Rehearing June 11, 1969.
*770 Robert L. Koeppel, Public Defender, and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Melvin Grossman, Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and BARKDULL, JJ.
PEARSON, Judge.
The appellant, David Mahone, was found guilty by a jury upon a charge of murder in the second degree.[1] He was sentenced to a term of 40 years in the State Penitentiary. On this appeal he does not question the sufficiency of the evidence to support the finding of the jury that he killed the deceased, William Marche. The only issue at the trial was raised by appellant's testimony that he killed in self-defense.
Mahone presents four points on appeal. The first two claim error in the trial judge's rulings upon the admissibility of testimony; the third claims the appellant was not afforded adequate pretrial discovery; and the fourth claims his trial by a six member jury violated his constitutional guarantee to trial by a twelve member jury.
In order to understand appellant's contentions it is necessary to review the facts as the jury must have understood them. Appellant was separated from his wife and five children. Early on a summer evening two years after the separation, he went to see his wife because he had heard that some of his children were sick. He found his wife in the house with William Marche. A quarrel broke out between the appellant and Marche. The appellant chased Marche from the house into the yard. From the yard Marche threw a whiskey bottle at appellant, who was standing in the doorway. The appellant went into the yard, chased the deceased, caught him, and stabbed him thirteen times. One of the wounds was in the chest; it proved fatal.
The first point claims prejudicial error upon the admission of certain testimony of the wife. She testified that on a prior occasion she awoke to find the defendant standing over her. He cut her *771 eleven times. The testimony was relevant to the state's contention that the killing of Marche was an action "evincing a depraved mind regardless of human life." Cf. Weaver v. State, Fla.App. 1969, 220 So.2d 53 [Second District Court of Appeal filed February 26, 1969]. The testimony was relevant under the principles expressed in Williams v. State, Fla. 1959, 110 So.2d 654.
The second point claims prejudicial error upon the exclusion of certain testimony. Appellant's wife as a witness for the state gave testimony at variance with the appellant's claim of self-defense. Appellant attempted to counter this testimony with the testimony of an investigator who offered to testify that at the time he first interviewed the wife she told him that she saw the deceased make a move as though he had a weapon. The court refused to permit the investigator to testify on the ground that the investigator could not repeat the wife's exact words but could only give the substance of her statement.
We think the investigator's testimony should have been admitted. See § 90.10, Fla. Stat., F.S.A.; Adams v. State, 54 Fla. 1, 45 So. 494 (1907); Nickles v. State, 90 Fla. 659, 106 So. 479 (1925); McCormick on Evidence § 34 (1954). Ordinarily the remedy for an error in the exclusion of relevant evidence is a reversal for a new trial. Walker v. Willis, 72 Fla. 119, 72 So. 517 (1916). But here the state argues that even if the exclusion of the testimony was error it was not prejudicial error within the meaning of § 924.33, Fla. Stat., F.S.A.[2]
Appellant's defense in the trial court was that he killed the deceased in self-defense during a fight. According to the appellant the deceased came at him when they were in the house. There was a conflict between appellant's statement: "He jumped up and ran at me with his hand in his pocket" and the wife's testimony on cross-examination:
"Q At any time did [decedent] go for his pocket and pat it as if he had a weapon in his pocket?"
A If he did, I don't remember. Like I say, everything happened so fast."
The investigator offered to testify, in effect, that the wife had told him Marche did put his hand to his pocket. The importance of this conflict, and therefore of the error of excluding the tendered impeachment testimony, is minimized by the fact that the testimony concerned events which transpired inside the house. The killing occurred outside the house after the appellant had chased the deceased out of the house. There is no testimony from the appellant or any other witness that the deceased ever had a knife. It is not disputed that appellant followed the deceased into the yard and killed him there. The testimony of the wife and of the appellant lead to the valid inference that the appellant had an opportunity to break off the conflict with the deceased. We hold that the appellant was guilty of second degree murder when, after refusing the opportunity to break off the conflict, he followed the deceased into the yard and killed him.
In Linsley v. State, 88 Fla. 135, 101 So. 273 (1924), the Supreme Court affirmed a murder conviction where the defendant fired the fatal shot, "after he thought that all danger had passed, so far as the hatchet as a weapon in the hands of Mr. Pickles was concerned." 101 So. at 274. In reaching its decision the court quoted the often repeated rule that in order to have the advantage of self-defense as a defense to murder a defendant: "* * * must have used all reasonable means in his power, consistent with his own safety, to avoid the danger and to avert the necessity of taking human life * * *." 101 So. *772 at 275. Here, the testimony of the wife and of the appellant demonstrates that the appellant did not abide by the foregoing rule. The court in the Linsley case applied the rule that "[w]here no fundamental rights have been violated and the evidence of guilt is amply sufficient, technical errors in ruling on the admission of testimony * * * will not cause a reversal." 101 So. at 275. See also Cornelius v. State, Fla. 1950, 49 So.2d 332.
We conclude that no fundamental right of the defendant-appellant was violated; that the evidence of guilt is sufficient; that the claim of self-defense was completely inadequate as a matter of law. Therefore we hold that the exclusion of the investigator's offered testimony has not been shown to be prejudicial error.
Points three and four in appellant's brief are apparently inserted for the purpose of future appeals. Prior decisions on similar points are adverse to the appellant's position. Point three asserts that the appellant was entitled to receive the arrest report of the arresting officer, the police record, and the FBI record upon his pretrial motion for discovery. The transcript shows that appellant's motion for discovery was granted in part. It has been held that the items mentioned in the argument under this point are public records and that an appellant may not claim error in the absence of a showing that he made a reasonable effort and was unable to procure the records. See Grays v. State, Fla. App. 1969, 217 So.2d 133. See also § 119.01, Fla. Stat., F.S.A.
Point four claims that appellant's constitutional rights were violated when he was tried before a jury of six members.[3] The point is not supported by an objection in the trial court. Under the decided cases the objection may not be raised for the first time in this court. Grays v. State, Fla. App. 1969 217 So.2d 133.
For the foregoing reasons the judgment and sentence are affirmed.

On Rehearing
The court having heard argument on appellant's petition for rehearing, and having corrected certain statements in the opinion, one of which appears to have been a misstatement of appellant's position in argument upon the appeal, and the other appears to be a misstatement to a pleading in the record. The court having thereupon applied the petition for rehearing and the arguments before the court upon the petition for rehearing to the opinion as corrected and finding that no reversible error has been shown, the court adheres to its previous opinion as corrected.
NOTES
[1] Section 782.04, Fla. Stat., F.S.A., provides:

"(1) The unlawful killing of a human being * * *
"(2) When perpetrated by an act imminently dangerous to another, and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, * * * shall be murder in the second degree * * *."
[2] "No judgment shall be reversed unless the appellate court after an examination of all the appeal papers is of the opinion that error was committed which injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant."
[3] It is our view that Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), does not support this claim.