QUESTIONS:
1. Is Ch. 119, F. S., the Public Records Law, applicable to the criminal history records (rap sheets) compiled and maintained in the computers of FDCLE?
2. Assuming an affirmative response to question 1, does Ch. 119 qualify as the type of Public Records Law described in Ch. 1, 28 C.F.R. § 20b and commentary thereto so as to authorize dissemination of `nonconviction data'?
3. Should Ch. 119 be read in pari materia with Ch. 1, 28 C.F.R. § 20b, supra, so that, for example, the requesting party might be required to execute an agreement wherein the purpose of the request and identity of the requester is stated and it is agreed that the information derived shall only be used for the purpose for which requested, etc., consistent with such regulations?
4. Having in mind that the practice of searching for criminal histories without use of fingerprint identification procedures is fraught with dangers and that the subjects of these records may have a privacy interest or are owed some duty of care, could Ch. 119 be offended if the information was withheld until the requesting party complied with the above conditions, and, additionally, provided enough identifying information on the subject so as to eliminate all but one possible record?
SUMMARY:
Chapter 119, F. S., Florida's Public Records Law, is applicable to criminal history information compiled and maintained by the Florida Department of Criminal Law Enforcement.
Chapter 119, F. S., qualifies as the type of public records law described in 28 C.F.R. s. 20 and commentary thereto so as to authorize dissemination of nonconviction as well as conviction data.
Chapter 119, F. S., should not be read in pari materia with 28 C.F.R. s. 20b, since the state public records law does not permit a custodian of public documents to require a person to execute an agreement for purposes of ascertaining the identity of the requester and the purpose for such request in the absence of a state statute authorizing the same. The United States Supreme Court decision in Paul v. Davis, 424 U.S. 693 (1976), has apparently foreclosed the possibility that a federal constitutional privacy interest exists in relation to state dissemination of nonconviction arrest data.
Your questions are apparently prompted, in part, by recent activity at both the state and federal levels concerning the question of access to criminal history information. On May 20, 1975, regulations were published in the Federal Register,40 Fed. Reg. 11714, which related to the collection, storage, and dissemination of criminal history record information. Hearings were held during December 1975 to consider comments from interested parties on the limitations placed on dissemination of criminal history information to noncriminal justice agencies. The purpose of these hearings was to determine whether the regulations, as they were drafted, appropriately balanced the public's right to know with the individual's right to privacy.
Upon examining the regulations proposed by the Department of Justice, Law Enforcement Assistance Administration, a number of states, including Florida, objected to the restrictions placed on dissemination of criminal history information insofar as the same conflicted with state law governing access to state records. On January 6, 1976, the Governor and Cabinet, as head of the Florida Department of Criminal Law Enforcement, adopted a resolution urging the Department of Justice, Law Enforcement Assistance Administration, to adopt rules recognizing the State of Florida's right to make criminal history information a matter of state public record pursuant to Ch. 119, F. S., the Public Records Law, without running the risk of incurring a fine of up to $10,000 or the loss of Law Enforcement Assistance Administration funds.
As a result of the objections raised by Florida and other states, the federal regulations were modified to recognize that access to state and local public records is an area that should appropriately be left to regulation by the states.
The regulations were drawn in order to implement s. 524(b) of the Crime Control Act of 1973 which provides in pertinent part:
 All criminal history information collected, stored and disseminated through support under this title shall contain, to the maximum extent feasible, disposition as well as arrest data where arrest data is included therein. The collection, storage and dissemination of such information shall take place under procedures reasonably designed to insure that all such information is kept current therein: The Administration shall assure that the security and privacy of all information is adequately provided for and that information shall only be used for law enforcement and criminal justice and other lawful purposes. In addition, an individual who believes that criminal history information concerning him contained in an automated system is inaccurate, incomplete, and maintained in violation of this title, shall, upon satisfactory verification of his identity, be entitled to review such information to obtain a copy of it for the purpose of challenge or correction.
The dispute between the states and the federal government centered on whether access mandated pursuant to state or local public records laws was a `lawful purpose' as contemplated by the federal act set forth above. The amended regulations, 41 Fed. Reg. 11714, proposed March 19, 1976, 28 C.F.R. s. 20.1-20.28, now provide that conviction data may be disseminated without limitation and that criminal history record information relating to the offense for which an individual is currently within the criminal justice system may be disseminated without limitations. Insofar as nonconviction record information is concerned, the regulations now provide that after December 31, 1977, most noncriminal justice access would require authorization pursunt to a statute, ordinance, executive order, court rule, decision, or order. The regulations no longer require express authority authorizing access to such information. Such a requirement can now be construed from a general requirement in a statute or order. A state public records law which has been interpreted by a state to require that criminal history information, including nonconviction data, be made available to the public is an example of such a general requirement. Determinations as to the purposes for which dissemination of criminal history record information is authorized by state law, executive order, local ordinance, court rule, decision, or order are left to the appropriate state or local officials.
It should also be noted that, prior to the amendments, the regulations contained a requirement that criminal history record information in court records of public judicial proceedings be accessed on a chronological basis. As amended, the regulations are inapplicable to records of public judicial proceedings whether accessed on a chronological or alphabetical basis.
On the basis of this background information, your questions will now be addressed.
AS TO QUESTION 1:
Pursuant to Ch. 119, F. S., records of arrest have been considered matters of public record which are subject to public inspection and examination. See, e.g., Grays v. State, 217 So.2d 133 (3 D.C.A. Fla., 1969); Malone v. State, 222 So.2d 769 (3 D.C.A. Fla., 1969); Williams v. State, 285 So.2d 13 (Fla. 1973); AGO's 057-157, 072-168, 073-166, 075-9, and 076-156. The `police secrets' rule recognized in the cases and opinions previously cited does not make records of arrest confidential. Similarly, I am unaware of any general or special law which prohibits or limits access to such information. There are, however, statutes which do serve to make certain arrest information confidential. See, e.g., ss. 39.03(6)(a) and 39.12(3)-(4) and AGO's 070-113 and 070-75 relating to records of juvenile offenses; s. 905.26, concerning disclosure of the finding of an indictment against a person not in custody until the person has been arrested. In the absence of such a statutory provision, arrest information compiled by FDCLE is subject to s. 119.07(1).
AS TO QUESTION 2:
As contemplated by the federal regulations, Ch. 119, F. S., constitutes a state public records law which has been construed to authorize dissemination of arrest information. Pursuant to28 C.F.R. § 20.21(b)(2), after December 31, 1977, dissemination ofnonconviction data is limited to, inter alia, individuals and agencies authorized to receive such information by statutes, ordinance, executive order, or court rule, decision, or orders as construed by appropriate state or local officials of agencies. Accordingly, your question is answered in the affirmative.
AS TO QUESTION 3:
It has been consistently held that Ch. 119, F. S., does not require a citizen to demonstrate a particular or special interest in a record as a condition to obtaining access to public documents. Thus, mere curiosity or commercial purposes do not vest in either the courts or the custodian discretion to deny inspection. See State ex rel. Davis v. McMillan, 38 So. 666 (Fla. 1905), holding that abstract companies may copy public documents from the clerk's office for their own use and sell such copies to the public for a profit. Chapter 119 concerns itself solely with what may be disclosed and not to whom, in the absence of a particular statute setting forth such a special requirement for inspection. Accord: State ex rel. Davidson v. Couch, 156 So. 297
(Fla. 1934), in which the court noted that one does not have to be a taxpayer or have a `special interest' in public documents to inspect them, and Warden v. Bennett, 340 So.2d 977, 978 (2 D.C.A. Fla., 1977), holding that a person need not show a special interest or proper motive or purpose in order to inspect public records. Also see AGO's 074-113, in which it was stated that a private person may inspect, copy, and/or photograph worthless check affidavits without demonstrating a personal interest therein, and AGO 073-167, which held that a person may inspect records maintained by the abandoned property section of the Department of Banking and Finance without being required to show a special interest in such inspection.
Accordingly, a person who demands access to arrest records which are public records under Ch. 119, F. S., cannot be required as a condition of inspection to execute an agreement such as that contemplated by your third question.
AS TO QUESTION 4:
Since the answer to your third question is in the negative, it would appear that your fourth question is now moot. I would note, however, that in Paul v. Davis, 424 U.S. 693 (1976), the United States Supreme Court refused to recognize that the dissemination by the police of defamatory nonconviction arrest information violated an individual's right to privacy. As one federal court has recognized, the court's decision in Paul appears to have cut short the full development of nascent doctrines which sought some accommodation between values of individual privacy and the recordkeeping responsibilities of the executive branch. Hammons v. Scott, 423 F. Supp. 618 (N.D. Calif. 1976); Hammons v. Scott,423 F. Supp. 625 (N.D. Calif. 1976). The issue of what, if any, restraints should be imposed upon the practices of public agencies regarding the maintenance and dissemination of arrest records of persons who were never convicted of the crime for which they were arrested has concerned numerous courts. See, e.q., Utz v. Crellinane, 520 F.2d 467 (D.C. Cir. 1975); Tarlton v. Saxbe,507 F.2d 1116 (D.C. Cir. 1974); Menard v. Saxbe, 498 F.2d 1017 (D.C. Cir. 1974); Menard v. Mitchell, 430 F.2d 486 (D.C. Cir. 1970); United States v. Dooley, 364 F. Supp. 74 (E.D.Pa. 1973); United States v. Kalish, 271 F. Supp. 968 (D.P.R. 1967); see also, Davidson v. Dill, 503 P.2d 157 (Colo. 1972); Eddy v. Moore,487 P.2d 211 (Wash. 1971). The decision in Paul suggests that the constitutional right to privacy claim underlying the above decisions would not be adopted by the United States Supreme Court.
Accordingly, the question of access to arrest records is a matter not of federal constitutional law but rather state statutory law, and the conditions which may be imposed as a precondition inspection must either be found in Ch. 119, F. S., or in other applicable state statutes.
Prepared by: Sharyn L. Smith Assistant Attorney General