963 So.2d 730 (2007)
Gregory Joseph JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-1672.
District Court of Appeal of Florida, Third District.
May 2, 2007.
Rehearing Denied July 10, 2007.
*731 Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Lucretia A. Pitts, Assistant Attorney General, for appellee.
Before GREEN and SHEPHERD, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
As in Grier v. State, 928 So.2d 368 (Fla. 3d DCA 2006), review denied, 952 So.2d 1191 (Fla.2007), which involves an indistinguishable factual situation and the identical question of law, we reverse the defendant's convictions for second degree murder and possession of a firearm by a convicted felon[1] for a new trial on the ground that the then-standard forcible felony exception to self-defense instruction,[2] which essentially negated Johnson's viable claim of self-defense, was fundamentally erroneous. Accord, e.g., Wilson v. State, 944 So.2d 1244 (Fla. 2d DCA 2006); Williams v. State, 937 So.2d 771 (Fla. 1st DCA 2006); Fair v. State, 902 So.2d 965 (Fla. 4th DCA 2005); Carter v. State, 889 So.2d 937 (Fla. 5th DCA 2004), review denied, 903 So.2d 190 (Fla.2005); cf. Blanton v. State, 956 So.2d 480 (Fla. 5th DCA 2007) [32 Fla. L. Weekly D670](certifying question); Slattery v. State, ___ So.2d ___, 2007 WL 186947 (Fla. 5th DCA Case no. 5D05-4408, opinion filed, January 26, 2007) [32 Fla. L. Weekly D305](same); Zinnerman v. State, 942 So.2d 932 (Fla. 5th DCA 2006)(same).
Reversed and remanded.
NOTES
[1] Our holding applies to this conviction because it was the defendant's contention that he gained possession of the firearm only during permissible acts of self-defense.
[2] That portion of the instruction provided: "However, the use of force likely to cause death or great bodily harm is not justifiable if you find: 1. [Gregory Joseph Johnson] was attempting to commit, [or] committing . . . [a murder or aggravated battery]. . . ." After numerous reversals on this ground, the standard jury instruction has since been amended to instruct the trial court as follows: "Give only if the defendant is charged with more than one forcible felony. See Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002)." Fla. Std. Jury Instr. (Crim.) 3.6(f); see In re Standard Jury Instructions in Criminal Cases (2005-4), 930 So.2d 612 (Fla.2006); see also In re Standard Jury Instructions in Criminal Cases (2006-3), 947 So.2d 1159 (Fla.2007)(amending Florida Standard Jury Instruction (Criminal) 3.6(g)(Justifiable Use of Non-Deadly Force)).