993 So.2d 542 (2008)
Marcus BARNES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-2344.
District Court of Appeal of Florida, Third District.
January 23, 2008.
*543 Bennett H. Brummer, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Lucretia A. Pitts, Assistant Attorney General, for appellee.
Before COPE and LAGOA, JJ., and FLETCHER, Senior Judge.

ON REHEARING GRANTED
FLETCHER, Senior Judge.
On consideration of the state's motion for rehearing, the court grants the motion for rehearing, withdraws the opinion issued on August 15, 2007, and substitutes the following opinion.
Marcus Barnes appeals from his conviction and sentence for second-degree murder. We reverse.
Around ten p.m., the defendant, Marcus Barnes, arrived at his girlfriend's apartment to find another man, the victim, visiting the girlfriend. The victim and Barnes began arguing and came to blows. According to Barnes, the victim picked him up and tried to throw him over the hallway's third-floor railing, punched him, and threatened to kill him. Barnes pulled out a pocketknife and stabbed the victim. The victim ran down to the building's second floor, followed by the defendant, and bled to death on the hallway floor within minutes. The victim, who was unarmed, sustained eight stab wounds, one of which perforated his heart. Barnes turned himself in to the police the following day. At trial, Barnes's sole defense was self-defense. The jury found the defendant guilty of second-degree murder as charged. The trial court imposed a 30-year habitual felony offender sentence.
Barnes first argues that the evidence was not sufficient to sustain the charge of second-degree murder, and at best could only support a finding of manslaughter. We disagree. According to eyewitness accounts, after the defendant stabbed the victim for the first time, the victim began backing away. The defendant followed him down the hall and stabbed him twice more. The defendant continued down the hall and to the bottom of the stairs. The medical evidence supports the conclusion that the defendant pursued the victim and stabbed him five more times. We find the evidence sufficient to support the charge of second-degree murder. See Mahone v. State, 222 So.2d 769, 770-71 (Fla. 3d DCA 1969). In Mahone, the defendant quarreled with the victim, chased the victim from the house into the yard and there caught him and stabbed the victim multiple times. This court held "that the appellant was guilty of second degree murder when, after refusing the opportunity to break off the conflict, he followed the deceased into the *544 yard and killed him." Id. at 771. Following Mahone, we affirm on this issue.
The court gave the jury the following instruction concerning the right to use deadly force in self-defense:
An issue in this case is whether the defendant acted in self-defense. It is a defense to the offense with which the defendant is charged if the death of Morris Webb resulted in [sic] the justifiable use of force likely to cause death or great bodily harm.
The use of force likely to cause death or great bodily harm is justifiable only if the defendant reasonably believes, one, the force was necessary to prevent imminent death or great bodily harm to himself while resisting one, another's attempt to murder him or, two, any attempt to commit an aggravated battery upon him, or three, any attempt to commit an aggravated battery in any dwelling house occupied by him.
. . . .
However, the use of force likely to cause death or great bodily harm is not justified if you find, one, the defendant was attempting to commit, committing, or escaping after the commission of aggravated battery....
This forcible felony exception to self-defense instruction, based on Florida Standard Jury Instruction (Criminal) 3.6(f), is predicated on subsection 776.041(1), Florida Statutes (2003). This instruction may only be given in circumstances where the person claiming self-defense was engaged in another independent forcible felony at the time. See Martinez v. State, 933 So.2d 1155 (Fla. 3d DCA 2006), review granted, 959 So.2d 717 (Fla.2007); Grier v. State, 928 So.2d 368 (Fla. 3d DCA 2006), review denied, 952 So.2d 1191 (Fla.2007). "To instruct the jury that the accused was not entitled to use force if he was attempting to commit, committing, or escaping after committing the only crime charged is circular, confusing, and in essence negates the defense." Estevez v. Crosby, 858 So.2d 376, 377 (Fla. 4th DCA 2003).
The error in giving the forcible felony instruction in this case is fundamental error. See Martinez, 933 So.2d at 1166 ("In applying [the standards established by the Supreme Court of Florida for determining fundamental error] the appellate courts consistently have found fundamental error in those cases where the erroneous instruction negates the defendants sole defense to the crime charged."); see also Grier, 928 So.2d at 370. Barnes was charged with only one offense  second-degree murder. The aggravated battery referred to in the erroneous jury instruction was the defendant's stabbing of the victim  the same acts for which he claimed self-defense. The forcible felony instruction negated his defense by instructing the jury to reject Barnes's self-defense claim if he was engaged in a forcible felony at the time he stabbed the victim. This error deprived Barnes of due process and a fair trial. See Grier, 928 So.2d at 368; see also Johnson v. State, 963 So.2d 730 (Fla. 3d DCA 2007) (forcible felony instruction negating defendant's viable claim of self-defense was fundamentally erroneous). Accordingly, on this issue we reverse Barnes's conviction and sentence and remand for a new trial.
Reversed and remanded for new trial.