DELL, J.
On September 26, 1996, the state of Florida charged Wesley Foxworth by information with grand theft of a motor vehicle, a third degree felony. The information alleged that the crime occurred on February 26, 1996. The state, however, did not execute the capias until May 3, 1999, when appellee surrendered to Florida authorities after his arrest in South Dakota on an unrelated charge.
Appellee filed a motion to dismiss the information. He argued that his prosecution was barred by a three-year statute of limitations under section 775.15(2)(b), Florida Statutes (1995). The trial court concluded that the state failed to execute the capias without unreasonable delay and dismissed the information.
The state argues that the trial court erred in dismissing the information because the statute of limitations may be extended up to three years under section 775.15(6), if appellee was continuously absent from the state. However, the state did not make this argument at the trial court and cannot raise it for the first time on appeal.
Moreover, the state failed to present competent evidence that appellee was continuously absent from the state or “put forth any plausible excuses” for its delay in serving the arrest warrant. See State v. Brugman, 588 So.2d 279 (Fla. 2d DCA 1991) (holding that counsel’s ünsworn statements on a motion to dismiss were not competent substantial evidence absent a stipulation); see also Neal v. State, 697 So.2d 903, 907 (Fla. 2d DCA 1997) (holding that the prosecution was barred by the statute of limitations when the state failed to provide “any evidence to explain or excuse its delay in serving the arrest warrant”).
Accordingly, we affirm the trial court’s order granting appellee’s motion to dismiss.
AFFIRMED.
FARMER and SHAHOOD, JJ., concur.