868 So.2d 606 (2004)
Shana Yvette BARNES, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-2781.
District Court of Appeal of Florida, First District.
March 11, 2004.
*607 Nancy A. Daniels, Public Defender; Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Thomas D. Winokur, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Shana Yvette Barnes, appeals her judgment and sentence for the crime of second-degree murder. Appellant raises five issues on appeal, only one of which has merit. We reverse appellant's seconddegree murder conviction and remand for a new trial because the jury instructions on the issue of self-defense were confusing, misleading, and erroneous.
At the charge conference, the trial court granted appellant's request for a jury instruction on self-defense and, thus, instructed the jury on self-defense. However, over appellant's objection, the trial court also gave the State's requested instruction on the forcible felony exception to self-defense. The forcible felony instruction was based on section 776.041(1), Florida Statutes (2002), which by its plain language indicates that it is only applicable under circumstances where the person claiming self-defense is engaged in another independent forcible felony at the time. Giles v. State, 831 So.2d 1263, 1265 (Fla. 4th DCA 2002) (citing Perkins v. State, 576 So.2d 1310 (Fla.1991)). The forcible felony instruction is normally given in situations where the accused is charged with at least two criminal acts, the act for which the accused is claiming self-defense and a separate forcible felony. Giles, 831 So.2d at 1265 (citing Marshall v. State, 604 So.2d 799 (Fla.1992)). The trial court's instruction on the forcible felony exception to self-defense was erroneous because appellant was only charged with one forcible felony, the alleged second-degree murder, an act she claimed was done in self-defense. See Giles, 831 So.2d at 1265. The effect of instructing the jury on the forcible felony exception to appellant's selfdefense *608 instruction was to negate appellant's only defense. See Giles, 831 So.2d at 1265 ("The instruction given improperly told the jury that the very act Giles sought to justify itself precluded a finding of justification."); Rich v. State, 858 So.2d 1210, 1210 (Fla. 4th DCA 2003) (citing Giles).
Although the State concedes on appeal that the instruction was erroneously given, the State argues that it was harmless error. However, we cannot conclude that the error was harmless as there is a reasonable possibility that the error contributed to the conviction. See Williams v. State, 863 So.2d 1189 (Fla.2003) (citing Goodwin v. State, 751 So.2d 537 (Fla.1999); State v. DiGuilio, 491 So.2d 1129 (Fla. 1986)).
REVERSED and REMANDED for a new trial.
WEBSTER, LEWIS and HAWKES, JJ., concur.