887 So.2d 362 (2004)
Paul H. CLEVELAND, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-2067.
District Court of Appeal of Florida, Fifth District.
July 9, 2004.
Opinion Denying Rehearing December 3, 2004.
*363 James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Paul H. Cleveland appeals his conviction for aggravated battery.[1] We reverse and remand for a new trial because the trial court committed fundamental error when it negated Cleveland's self-defense claim by instructing the jury that the use of force was not justified if he was committing or attempting to commit aggravated battery.
At trial, the trial court instructed the jury on Cleveland's self-defense claim. However, the trial court also gave an instruction on the forcible felony exception to self-defense. The forcible felony instruction was based on section 776.041(1), Florida Statutes (2002), which is applicable only in circumstances where the person claiming self-defense is engaged in another independent forcible felony at the time. Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002); see also Zuniga v. State, 869 So.2d 1239 (Fla. 2d DCA 2004); Barnes v. State, 868 So.2d 606 (Fla. 1st DCA 2004). More specifically, the forcible felony instruction is given in situations where the accused is charged with at least two criminal acts, the act for which the accused is claiming self-defense as well as a separate forcible felony. In the instant case, the trial court's instruction on the forcible felony exception to self-defense was erroneous because Cleveland was charged with only one forcible felony, the alleged aggravated battery. Giles, 831 So.2d at 1265. Giving a section 776.041(1) instruction where the only charge against Cleveland was the alleged aggravated battery, an act he claimed was done in self-defense, would improperly negate the self-defense claim. Id. at 1266.
Although Cleveland did not make an objection at trial to the section 776.041(1) instruction, the giving of the instruction to the jury constitutes fundamental error. E.g., Zuniga, 869 So.2d at 1239; Rich v. State, 858 So.2d 1210 (Fla. 4th DCA 2003).
REVERSED and REMANDED.
PETERSON, GRIFFIN and PALMER, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
The State of Florida moves for rehearing after this court reversed Paul Henry Cleveland's judgment and sentence and remanded for a new trial, finding that the original trial was flawed by fundamental error when the court negated Cleveland's self-defense claim by instructing the jury on the forcible felony exception to self-defense.
The State's motion for rehearing asserts for the first time that because a claim of self-defense acts as an affirmative defense, and not an element of the crime charged, the trial court's instruction was not fundamentally erroneous and Cleveland was required to enter an objection to preserve the issue for review. The motion also cites several cases that had not been cited earlier and directs our attention to its notice of similar issue and notice of supplemental authority filed at the last possible moment before our earlier decision was released, and approximately three months after Cleveland filed his reply brief.
*364 Florida Rule of Appellate Procedure 9.225 provides:
Notices of supplemental authority may be filed with the court before a decision has been rendered to call attention to decisions, rules, statutes, or other authorities that are significant to the issues raised and that have been discovered after the last brief served in the cause. The notice may identify briefly the points argued on appeal to which the supplemental authorities are pertinent, but shall not contain argument....

(emphasis added). The State did not comply with rule 9.225 because its notice of supplemental authority contained new argument not previously addressed in its answer brief and this new argument relied on a supreme court case that had been decided four years prior to the State's filing of its answer brief. It appears to us that the State through its "supplemental authorities" is attempting to file an additional brief. See, e.g., Brown & Williamson Tobacco Corp. v. Young, 690 So.2d 1377 (Fla. 1st DCA 1997) (recognizing that Florida Rule of Appellate Procedure 9.225 is intended to permit a litigant to bring to the court's attention cases of real significance to the issues raised which were not cited in the briefs, either because they were not decided until after the briefs had been filed; or because, through inadvertence, they were not discovered earlier; it is not intended to permit a litigant to submit what amounts to an additional brief, under the guise of "supplemental authorities").
Similarly, Florida Rule of Appellate Procedure 9.330 regarding motions for rehearing, clarification or certification provides:
A motion for rehearing, clarification, or certification may be filed within 15 days of an order or within such other time set by the court. A motion for rehearing shall state with particularity the points of law or fact that, in the opinion of the movant, the court has overlooked or misapprehended in its decision, and shall not present issues not previously raised in the proceeding. ...
(emphasis added). Motions for rehearing are strictly limited to calling an appellate court's attention  without argument  to something the appellate court has overlooked or misapprehended. "The motion for rehearing is not a vehicle for counsel or the party to continue its attempts at advocacy." Goter v. Brown, 682 So.2d 155 (Fla. 4th DCA 1996), rev. denied, 690 So.2d 1299 (Fla.1997). No new ground or position may be assumed in a petition for rehearing. Corporate Group Service, Inc. v. Lymberis, 146 So.2d 745 (Fla.1962); see also Ayer v. Bush, 775 So.2d 368 (Fla. 4th DCA 2000) (recognizing that it is a rather fundamental principal of appellate practice and procedure that matters not argued in the briefs may not be raised for the first time on a motion for rehearing); Sarmiento v. State, 371 So.2d 1047 (Fla. 3d DCA 1979) (same). Here, the State impermissibly attempts to raise a new argument in its notice of supplemental authority and petition for rehearing. This court need not entertain new argument or consider additional authority cited in support thereof. See, e.g., Cartee v. Fla. Dep't of Health & Rehabilitative Svcs., 354 So.2d 81 (Fla. 1st DCA 1977). In summary, we decline the State's belated invitation to consider the new argument and make no decision on its merits.
MOTION FOR REHEARING DENIED.
PETERSON, GRIFFIN and PALMER, JJ., concur.
NOTES
[1] § 784.041, Fla. Stat. (2002).