908 So.2d 523 (2005)
Curt CRAVEN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-4340.
District Court of Appeal of Florida, Fourth District.
July 6, 2005.
Rehearing Denied August 30, 2005.
Carey Haughwout, Public Defender, and Gary Caldwell, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant *524 Attorney General, West Palm Beach, for appellee.
WARNER, J.
We reverse appellant's conviction of aggravated battery because the trial court fundamentally erred in instructing the jury on appellant's defense of justifiable use of force. The court instructed the jury that appellant was not justified in the use of force if he was "attempting to commit, committing, or escaping after the commission of an aggravated battery." Where, as here, the defendant is charged only with the forcible felony of aggravated battery, we have held that giving the foregoing portion of the instruction amounts to fundamental error, because it negates the appellant's self-defense claim. See Rich v. State, 858 So.2d 1210 (Fla. 4th DCA 2003). In Rich we relied on our prior opinion in Giles v. State, 831 So.2d 1263, 1266 (Fla. 4th DCA 2002), and explained that this portion of the instruction
was applicable only in circumstances where the person claiming self-defense is engaged in another independent forcible felony at the time. Giving this instruction where the only charge against the defendant is the aggravated battery, which also was the act that the defendant claimed was self-defense, would improperly negate the self-defense claim.
858 So.2d at 1210. See also Estevez v. State, 901 So.2d 989 (Fla. 4th DCA 2005); Dunnaway v. State, 883 So.2d 876 (Fla. 4th DCA 2004).
Consistent with the foregoing authorities, we reverse the conviction and sentence and remand for a new trial.
KLEIN and TAYLOR, JJ., concur.