928 So.2d 368 (2006)
Eric Eugene GRIER, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-930.
District Court of Appeal of Florida, Third District.
March 1, 2006.
Rehearing Denied April 6, 2006.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Lucretia A. Pitts, Assistant Attorney General, for appellee.
Before FLETCHER, WELLS, and SHEPHERD, JJ.
WELLS, J.
Eric Eugene Grier appeals from a second degree murder conviction claiming that the deadly force instruction read to *369 the jury constituted reversible error. We agree, reverse Grier's conviction and sentence, and remand for a new trial.
Grier was convicted for the second degree murder of Willie Walls. Walls was married to, but separated from, Grier's mother. On the day of Walls' death, Grier, who maintained a cordial relationship with Walls, visited Walls at Walls' home. The visit was unremarkable until Grier overheard a telephone conversation between Walls and Walls' former wife. Following this conversation, the two men began to argue when Grier commented on Walls' continued relationship with his ex-wife. As the day wore on, the argument escalated until Walls finally came at Grier brandishing a kitchen knife.
According to Grier, he managed to wrest the knife from Walls and then repeatedly stabbed him during a violent fight in which Walls, who outweighed Grier by over forty pounds, attempted to reacquire the knife while threatening to seriously harm Grier. After finally subduing Walls, Grier attempted to clean the bloodied home. He also covered a window so that no one could see inside and cut the telephone wires before leaving Walls incapacitated and bleeding profusely on the floor. Walls later died where Grier left him.
Grier was subsequently charged in a single count information with second degree murder. His sole defense was self defense. While the trial court agreed to give the standard jury instruction on self defense, it also decided to give an independent forcible felony instruction:
An issue in this case is whether the defendant acted in self-defense. It is a defense in the offense with which ERIC GRIER is charged if the death of WILLIE WALLS resulted form the justifiable use of force likely to cause death or great bodily harm.
The use of force likely to cause death or great bodily harm is justifiable only if the defendant reasonably believes that the force is necessary to prevent imminent death or great bodily harm to himself while resisting:
1. Another's attempt to murder him, or
2. Any attempt to commit Manslaughter or Aggravated Battery upon him.
* * * *
However, the use of force likely to cause death or great bodily harm is not justifiable if you find:
1. ERIC GRIER was attempting to commit, committing or escaping after the commission of Second Degree Murder or Manslaughter or Aggravated Battery.
(Emphasis added).
Grier claims that giving the independent forcible felony instruction mandates reversal. We agree.
The forcible felony exception to self defense is predicated "on section 776.041(1) of the Florida Statutes which is applicable only in circumstances where the person claiming self-defense is engaged in another independent forcible felony at the time." Cleveland v. State, 887 So.2d 362, 363 (Fla. 5th DCA 2004) (citing Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002), Zuniga v. State, 869 So.2d 1239 (Fla. 2d DCA 2004), and Barnes v. State, 868 So.2d 606 (Fla. 1st DCA 2004)). "More specifically, the forcible felony instruction is given in situations where the accused is charged with at least two criminal acts, the act for which the accused is claiming self-defense as well as a separate forcible felony." Id.
In the instant case, Grier was charged with a single forcible felony. It was therefore error to give the forcible *370 felony instruction. See Cleveland, 887 So.2d at 363 (concluding that giving the forcible felony instruction where the Defendant was charged with only a single forcible felony was error); Carter v. State, 889 So.2d 937, 939 (Fla. 5th DCA 2004) (same); Barnes 868 So.2d at 607 (same). More significantly, the error was fundamental because it negated Grier's sole defense, an error which cannot be viewed as harmless[1] and which we agree mandates reversal irrespective of an objection on Grier's part:
Where a separate forcible felony is not involved, the giving of the instruction negates the defense of self defense.
. . . This District, as well as the Second and Fourth Districts, have further held that this error is fundamental in nature and thus can be considered in the absence of an objection below. Fundamental error exists where an inaccurate and misleading instruction negates the defendant's only defense.
Carter, 889 So.2d at 939 (citations omitted) (emphasis added); see Carter v. State, 469 So.2d 194, 196 (Fla. 2d DCA 1985) ("where, as here, a trial judge gives an instruction that is an incorrect statement of the law and necessarily misleading to the jury, and the effect of that instruction is to negate the defendant's only defense, it is fundamental error . . . reviewable in the complete absence of a request or objection"); Dunnaway v. State, 883 So.2d 876, 879 (Fla. 4th DCA 2004) ("fundamental error results where an inaccurate and misleading instruction negates a defendant's only defense").
Accordingly, Grier's conviction is reversed and this matter is remanded for a new trial.
FLETCHER, J., concurs.
SHEPHERD, J., concurring.
I write only to note that there were actually two sets of facts on which Grier could have been convicted of second-degree murder: those arising out of the altercation, and the separate action of leaving a very-much-alive victim in obvious need of medical care to die in an intentionally concealed environment. The latter theory included evidence that Grier (1) cut the telephone lines both inside and outside the house, (2) covered the window to prevent outsiders from viewing the carnage within, and (3) locked the front and side doors. Grier testified that he did these things due to fear of going to jail rather than imminent harm to his person. The State, however, did not argue the second theory as grounds for conviction below. Had the State argued this evidence as an independent basis to convict, I believe the guilty verdict would have been sustainable. See Rayl v. State, 765 So.2d 917 (Fla. 2d DCA 2000); see also State v. Delva, 575 So.2d 643, 645 (Fla.1991)("Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal.").
The State presented this second theory for the first time on appeal. Because the State presented this theory for the first time on appeal, we must reverse. State v. Foxworth, 757 So.2d 1270 (Fla. 4th DCA 2000). For this additional reason, I join the opinion of the majority.
NOTES
[1] Reed v. State, 837 So.2d 366, 370 (Fla.2002) ("[b]y its very nature, fundamental error has to be considered harmful").