937 So.2d 771 (2006)
Leslie WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-3713.
District Court of Appeal of Florida, First District.
September 11, 2006.
Nancy A. Daniels, Public Defender, and M.J. Lord, Assistant Public Defender, Tallahassee, for Appellant.
*772 Charlie Crist, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, J.
Convicted of attempted second-degree murder and carrying a concealed firearm following a jury trial, appellant contends that he is entitled to a new trial on the attempted murder charge because the trial court committed fundamental error when it instructed the jury on the forcible felony exception to self-defense, which was appellant's sole defense to that charge, and on the carrying a concealed firearm charge because the trial court denied his request for an instruction on the defense of necessity. We conclude that it was not error to deny the necessity instruction and, therefore, affirm the conviction for carrying a concealed firearm. However, because we conclude that the trial court committed fundamental error when it instructed the jury on the forcible felony exception to self-defense, thereby depriving appellant of his sole defense to the attempted murder charge, we are constrained to reverse that conviction, and to remand for a new trial on that charge.
Appellant went to trial on charges of attempted first-degree murder and carrying a concealed firearm. His sole defense to the former charge was self-defense. At the conclusion of the case, the trial court denied appellant's request for a jury instruction on the defense of necessity as to the charge of carrying a concealed firearm. However, as to the attempted murder charge, it gave without objection the standard jury instruction on self-defense, including the forcible felony exception to self-defense to the effect that "the use of force likely to cause death or great bodily harm is not justifiable if you find . . . [appellant] was attempting to commit, committing or escaping after the commission of an aggravated assault. . . ." The jury found appellant guilty of the lesser-included offense of attempted second-degree murder, and of carrying a concealed firearm. The trial court subsequently adjudicated appellant guilty of those offenses, imposing a 25-year mandatory-minimum sentence for attempted second-degree murder and a concurrent five-year sentence for carrying a concealed firearm. This appeal follows.
The trial court did not err in refusing to instruct the jury on the defense of necessity. To be entitled to such an instruction, there must be evidence that (1) the defendant reasonably believed that his action was necessary to avoid an imminent threat of death or serious bodily injury to himself or others; (2) the defendant did not intentionally or recklessly place himself in a situation in which it would be probable that he would be forced to choose the criminal conduct; (3) there existed no other adequate means to avoid the threatened harm except the criminal conduct; (4) the harm sought to be avoided was more egregious than the criminal conduct perpetrated to avoid it; and (5) the defendant ceased the criminal conduct as soon as the necessity or apparent necessity for it ended. Bozeman v. State, 714 So.2d 570, 572 (Fla. 1st DCA 1998). The state correctly argues that appellant was not entitled to an instruction on the defense of necessity because (1) appellant did not face an imminent threat of death or great bodily harm when he armed himself with a concealed firearm after the victim had driven away; (2) appellant intentionally or recklessly placed himself in a situation in which it was probable that he would be forced to choose the criminal conduct when he left his house with the concealed firearm to search for the victim and his vehicle; and (3) appellant had other adequate *773 means to avoid the threatened harmi.e., he could have called the police.
Our supreme court has held that the failure to give an instruction regarding an affirmative defense, as opposed to an essential element of the crime charged, does not constitute fundamental error. Sochor v. State, 619 So.2d 285 (Fla.1993). However, it has distinguished between the total failure to give an instruction on an affirmative defense and giving an erroneous instruction, which may be considered fundamental error where the instruction is so flawed as to deprive the defendant of a fair trial. Holiday v. State, 753 So.2d 1264, 1269 (Fla.2000); Smith v. State, 521 So.2d 106, 107-08 (Fla.1988). Consistent with this authority, every district court of appeal in this state except ours has repeatedly held that, in cases where the defendant is charged with a single forcible felony for which the defendant claims self-defense, it constitutes fundamental error to instruct the jury on the forcible felony exception to self-defense because it totally negates the defense by improperly instructing the jury that the very act the defendant seeks to justify as an act of self-defense prevents the same act from being an act of self-defense. See, e.g., Smith v. State, 933 So.2d 1275 (Fla. 2d DCA 2006); Grier v. State, 928 So.2d 368 (Fla. 3d DCA 2006); Craven v. State, 908 So.2d 523 (Fla. 4th DCA 2005); Sloss v. State, 30 Fla. L. Weekly D2328, 2005 WL 2396309 (Fla. 5th DCA Sept. 30, 2005), rehearing granted and question certified, 31 Fla. L. Weekly D879, 2006 WL 733568 (Fla. 5th DCA Mar. 24, 2006) (en banc), review granted, 929 So.2d 1054 (Fla.2006). Although we have never addressed whether such an instruction constitutes fundamental error, we have held that it is error to instruct the jury on the forcible felony exception to self-defense under such circumstances because the instruction applies only in situations where the defendant is charged with an independent forcible felony in addition to the offense for which he claims self-defense. Barnes v. State, 868 So.2d 606, 607 (Fla. 1st DCA 2004).
The state argues first that the trial court correctly gave the forcible felony exception portion of the instruction on self-defense because appellant was, in fact, charged with two forcible felonies, contending that carrying a concealed firearm is also a forcible felony. The term "forcible felony" is defined by statute. Section 776.08, Florida Statutes (2002), reads:
"Forcible felony" means treason; murder; manslaughter; sexual battery; carjacking; home-invasion robbery; robbery; burglary; arson; kidnapping; aggravated assault; aggravated battery; aggravated stalking; aircraft piracy; unlawful throwing, placing, or discharging of a destructive device or bomb; and any other felony which involves the use or threat of physical force or violence against any individual.
Although carrying a concealed firearm is not one of the offenses listed, the state argues that it is subsumed by the phrase "any other felony which involves the use or threat of physical force or violence against any individual." We reject this contention. Clearly, merely carrying a concealed firearm does not "involve[ ] the use or threat of physical force or violence against any individual."
The state argues next that the Third District reached a contrary result in Martinez v. State, 933 So.2d 1155 (Fla. 3d DCA 2006), and that we should follow that result. We reject this argument for two reasons. First, the opinion in Martinez does not appear to be final. More importantly, however, as Judge Altenbernd points out in Smith v. State, 933 So.2d 1275 (Fla. 2d DCA 2006), the Martinez majority clearly intended to limit its holding *774 that no fundamental error occurred to cases where self-defense is not the defendant's sole defense. It did not purport to overrule its decision only two months earlier in Grier v. State, 928 So.2d 368 (Fla. 3d DCA 2006) (and, of course, it could not). Here, self-defense was appellant's sole defense to the attempted murder charge and, accordingly, Martinez is readily distinguishable. Therefore, we need not decide whether we agree with all of the Martinez majority's discussion regarding fundamental error.
We see no point in restating further the rationales used by our sister districts to support their conclusions that, where the defendant is charged with a single forcible felony for which the defendant claims self-defense as his sole defense, it constitutes fundamental error to instruct the jury on the forcible felony exception to self-defense. Suffice it to say that we agree with those decisions and, therefore, align ourselves with our sister districts on this issue.
Finally, the state urges us to perform a harmless-error analysis to determine whether reversal is warranted. However, as our supreme court has recognized, "fundamental error is not subject to harmless error review. By its very nature, fundamental error has to be considered harmful." Reed v. State, 837 So.2d 366, 369-70 (Fla.2002) (footnote omitted).
We affirm appellant's conviction for carrying a concealed firearm. However, because we conclude that the trial court committed fundamental error when it instructed the jury on the forcible felony exception to self-defense, which was appellant's sole defense to the attempted murder charge, we are constrained to reverse that conviction and to remand for a new trial on that charge.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ERVIN and HAWKES, JJ., concur.