956 So.2d 480 (2007)
Henry BLANTON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-3786.
District Court of Appeal of Florida, Fifth District.
March 9, 2007.
Rehearing Denied April 5, 2007.
*481 James S. Purdy, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
Henry Blanton seeks review of his judgment and sentence resulting from his conviction of two counts of aggravated battery with a firearm,[1] and one count of unlawful possession of a firearm while engaged in a criminal offense.[2] Basically, Mr. Blanton admitted shooting his wife and son-in-law, but asserted that he did so in self-defense. Because of a violation of the double jeopardy clause, and because of an instructional error, we reverse. We note, as well, an evidentiary issue that should be corrected on any retrial of Mr. Blanton.
The instructional error grows out of the giving by the trial court of the jury instruction on the justifiable use of force. The instruction to the jury read, "the use of force likely to cause death or great bodily harm is not justifiable if you find: Henry Blanton was attempting to commit, committing, or escaping after the commission of a forcible felony."
This instruction, which is founded upon section 776.041, Florida Statutes (2003), essentially limits a defendant's use of self-defense. The use of force is not justifiable, according to the statute, if the person asserting it is "attempting to commit, committing, or escaping after the commission" *482 of a felony involving the use of force. Giving the "forcible felony instruction" is inappropriate unless the defendant is charged with at least two acts: the act for which the accused is claiming self-defense as well as a separate forcible felony. See Bertke v. State, 927 So.2d 76 (Fla. 5th DCA 2006); Carter v. State, 889 So.2d 937 (Fla. 5th DCA 2004), review denied, 903 So.2d 190 (Fla.2005); Cleveland v. State, 887 So.2d 362 (Fla. 5th DCA 2004). As has been pointed out in all of the cited cases, unless a separate felony is involved, the forcible felony instruction is circular in its logic and negates the defense of self-defense. The critical issue before us, however, arises out of the fact that the defense failed to object to the instruction in the trial court. Thus, unless the error is fundamental, it is waived.
Many decisions support the proposition that this particular instructional error is fundamental. See, e.g., Grier v. State, 928 So.2d 368 (Fla. 3d DCA 2006); Cleveland; Zuniga v. State, 869 So.2d 1239 (Fla. 2d DCA 2004); Barnes v. State, 868 So.2d 606 (Fla. 1st DCA 2004); Rich v. State, 858 So.2d 1210 (Fla. 4th DCA 2003). This court has, in fact, certified this issue to the Florida Supreme Court on a number of occasions, most recently in Slattery v. State, 32 Fla. L. Weekly D305, ___ So.2d ___, 2007 WL 186947 (Fla. 5th DCA Jan.26, 2007)[3]; and Zinnerman v. State, 942 So.2d 932 (Fla. 5th DCA 2006). Thus, while we reverse the judgments and sentences on this issue, we again certify the following issue to the Florida Supreme Court:
DOES FUNDAMENTAL ERROR OCCUR WHEN AN ERRONEOUS JURY INSTRUCTION RELATES ONLY TO AN AFFIRMATIVE DEFENSE AND NOT TO AN ESSENTIAL ELEMENT OF THE CRIME?
The double jeopardy violation, the second basis for reversal, is properly conceded by the State. A criminal defendant may not be convicted and sentenced for possession of a firearm while engaged in a felony when the underlying felony involves the use of a firearm. See Hall v. State, 517 So.2d 678 (Fla.1988). Here, the count for unlawful possession of a firearm while engaged in a criminal offense is subsumed within the counts for aggravated battery with a firearm. Thus, the conviction for unlawful possession of a firearm while engaged in a felony and the sentence imposed with respect to that offense must, in any event, be vacated. See Salazar v. State, 892 So.2d 545, 546 (Fla. 3d DCA), review dismissed, 905 So.2d 126 (Fla. 2005); Grene v. State, 702 So.2d 510 (Fla. 3d DCA 1996); see also Smith v. State, 548 So.2d 755 (Fla. 5th DCA 1989). Accordingly, in the event that Mr. Blanton is retried for the subject offenses, he may not be convicted and sentenced of both the aggravated battery with a firearm and the related firearm possession offense.
Finally, we note as well that the trial court erred in allowing the State to call and examine Mr. Blanton's confidential mental health expert, Dr. Ward, because Mr. Blanton had not waived the privilege he had with respect to communications with that expert. See Lovette v. State, 636 So.2d 1304 (Fla.1994). On retrial, Dr. Ward may not, absent a waiver, be called by the State.
REVERSED and REMANDED.
PLEUS, C.J. and SAWAYA, J., concur.
NOTES
[1] § 784.045(1)(a)2., Fla. Stat. (2003).
[2] § 790.07(2), Fla. Stat. (2003).
[3] Slattery also holds that the instruction is fundamentally erroneous even where, as here, the defendant is charged with two acts, but claims self-defense as to each.