959 So.2d 1257 (2007)
Troy McJIMSEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-2336.
District Court of Appeal of Florida, Fourth District.
July 5, 2007.
*1258 Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of attempted first degree premeditated murder with a deadly weapon. He argues that the trial court committed fundamental error when it gave an incorrect self defense jury instruction on the justifiable use of deadly force and that there was no evidence of premeditation. We reverse because of the jury instruction.
The victim, described by appellant after his arrest as a "scumbag," was living with appellant's sister in her apartment. Appellant had been staying at the apartment for a few days while his sister and the victim were out of town and, according to appellant, they returned to the apartment drunk. According to appellant, after some disagreement, the victim attacked appellant and they wound up in a bear hug, punching and pulling each other's hair. The altercation stopped temporarily, but the victim soon resumed attacking appellant in the foyer at the front door, banging appellant's head on the tile floor. Appellant admitted that he then went into the living area, grabbed his knife from a table and stabbed the victim in self-defense.
The victim corroborated that appellant had been staying at the apartment with the permission of the victim and appellant's sister, and that when they returned they had been drinking. The victim told the appellant he could not stay there any longer, and the appellant then went from outside the front of the apartment around to the back patio and started drinking beer with a boom box playing loudly. The victim was concerned that the *1259 noise would cause appellant's sister, who was renting the apartment, to be evicted. He again told appellant to leave and closed the sliding door. The next thing the victim knew was that he felt stinging in the back of his shoulder, and when the victim turned around appellant stabbed him several times in the abdomen.
Premeditation is a fully formed conscious purpose to kill that may be formed in a moment and need only exist for such time as will allow the accused to be conscious of the nature of the act about to be committed and the probable result of that act.
* * *
[2] Circumstantial evidence of premeditation can include the nature of the weapon used, the presence or absence of adequate provocation, previous difficulties between the parties, the manner in which the homicide was committed, and the nature and manner of the wounds inflicted.
Pearce v. State, 880 So.2d 561, 572 (Fla. 2004).
Appellant cites Coolen v. State, 696 So.2d 738 (Fla.1997), in which the Florida Supreme Court, in a four to three decision, concluded that a killing resulting from a stabbing was not premeditated. In that case, however, the victim and his wife had only met the defendant and his girlfriend a few hours earlier while drinking in a pub. They continued to drink at the victim's home after leaving the pub and, after an argument over a can of beer, the defendant suddenly and unexpectedly pushed the victim against the apartment and stabbed him multiple times. The majority opinion characterized the incident as "an ongoing pattern of hostility between two intoxicated men" which was sudden and "without warning or provocation." Id. at 741, 742.
Although we acknowledge some similarity in the factual situations, there was sufficient evidence of premeditation in this case. In a light most favorable to the state, the evidence reflected that the victim was first stabbed from behind and then, as he turned around to protect himself, was stabbed several times in the abdomen. Although appellant testified that the victim had bashed his head against the floor and appellant was only attempting to defend himself, the alleged bashing occurred in the foyer by the front door. Rather than avail himself of the opportunity to leave, the appellant went back into the living area in order to get his knife and then stabbed the victim from behind. In addition, unlike in Coolen, appellant had known the victim for some time and referred to him as a scumbag.
We do agree with appellant, however, that fundamental error occurred when the court, after instructing the jury on self-defense, went on to state:
However, the use of force likely to cause death or great bodily harm is not justifiable if you find:
1. Troy A. McJimsey was attempting to commit, committing, or escaping from the commission of armed attempted murder in the first degree or attempted murder in the first degree.
Armed attempted murder in the second degree, or attempted second degree murder, aggravated battery, aggravated assault, battery or assault.
We have previously held this instruction, based on section 776.041(1), Florida Statutes (2004), to be fundamental error in Estevez v. State, 901 So.2d 989, 991 (Fla. 4th DCA 2005), under the same circumstances:
While Estevez was alleged to have committed only one act, aggravated battery, the trial court gave an instruction *1260 that "is normally given in situations where the accused is charged with at least two criminal acts, the act for which the accused is claiming self defense and a separate forcible felony." Id.; see Marshall v. State, 604 So.2d 799 (Fla. 1992) (holding that section 776.041 jury instruction was proper on claim of self defense to felony murder charge where underlying felonies were burglary and aggravated battery). Giving such instruction under these circumstances forced the jurors to decide his guilt or innocence in a manner that was patently circular, confusing and had the overall effect of negating the defendant's sole defense.
In this case, where appellant was charged solely with attempted first degree murder and no other forcible felony, the instruction was erroneous. Our sister courts have also concluded that, in circumstances which are not distinguishable from this case, it is fundamental error to give this instruction. Williams v. State, 937 So.2d 771 (Fla. 1st DCA 2006); Smith v. State, 933 So.2d 1275 (Fla. 2d DCA 2006); Grier v. State, 928 So.2d 368 (Fla. 3d DCA 2006). See also Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002) (holding the same instruction, which had been objected to, error requiring a new trial).
Reversed for a new trial.
WARNER and HAZOURI, JJ., concur.