967 So.2d 1044 (2007)
Samuel D. GRANBERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-3988.
District Court of Appeal of Florida, Fifth District.
November 2, 2007.
James S. Purdy, Public Defender, and Henry T. Swann, III, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
The sole issue presented by this appeal is whether the trial court erred in giving the forcible felony exclusionary charge described in section 776.041(1), Florida Statutes (2002), as part of the standard self-defense jury instruction. The appellant, Samuel Granberry, argues that because his only defense at trial was "self-defense," the trial court's error in giving a misleading and confusing instruction was fundamental. *1045 We agree and, accordingly, reverse.[1]
The State charged Mr. Granberry with one count of second degree murder with respect to the shooting death of Alphonzo Scott, and one count alleging that Mr. Granberry unlawfully carried a concealed firearm. Without detailing the evidence that was adduced during the course of the trial, suffice it to say that we agree with Mr. Granberry that he presented sufficient evidence of self-defense to reach a jury on that issue. After both sides rested, defense counsel asked the trial court to include an instruction on the justifiable use of deadly force. The court agreed to do so.
In giving the jury instructions, the court explained that the jury panel would have to decide whether the killing was excusable or resulted from justifiable use of deadly force. When discussing "self-defense" with the jury, however, the trial court described the forcible felony exception to self-defense, as follows:
. . . [H]owever, the use of force likely to cause death or great bodily harm is not justifiable if you find: the defendant was attempting to commit, committing or escaping after the commission of a forcible felony; or the defendant initially provoked the use of force against the defendant, . . .
The defense made no objection to the instruction. The written instructions were almost identical to those delivered orally. After deliberating, the jury returned a verdict of guilty of both second degree murder and carrying a concealed weapon. Mr. Granberry timely appealed the judgment and sentence imposed for those offenses.
Mr. Granberry accurately argues that under the wealth of case law governing this matter it was fundamental error for the trial court to give the forcible felony exclusionary charge because there was no evidence that he was engaged in any separate forcible felony other than the one charged. An independent forcible felony is generally defined as one that invokes the use or threat of physical force or violence against an individual. See Barnes v. State, ___ So.2d ___, 2007 WL 2316841 (Fla. 3d DCA Aug.15, 2007); Flynn v. State, 947 So.2d 1229 (Fla. 2d DCA 2007); Williams v. State, 937 So.2d 771 (Fla. 1st DCA 2006); Barnes v. State, 932 So.2d 589 (Fla. 5th DCA 2006); Craven v. State, 908 So.2d 523 (Fla. 4th DCA 2005); Hawk v. State, 902 So.2d 331 (Fla. 5th DCA 2005); Cleveland v. State, 887 So.2d 362 (Fla. 5th DCA 2004); Davis v. State, 886 So.2d 332 (Fla. 5th DCA 2004), review denied, 898 So.2d 81 (Fla.2005). As the concurring opinion points out, we are bound by our prior precedent and must follow it. Here, the only other crime charged, carrying a concealed weapon, does not qualify as a second separate forcible felony. See Williams, 937 So.2d at 773 (stating that merely carrying a concealed firearm does not involve use or threat of physical force or violence against an individual).
Where a defendant is charged with a single forcible felony for which he or she claims self-defense, it is fundamental error to instruct the jury on the forcible felony exception to self-defense because to do so involves circular reasoning and essentially *1046 negates the defense. See, e.g., McJimsey v. State, 959 So.2d 1257 (Fla. 4th DCA 2007); Martinez v. State, 933 So.2d 1155 (Fla. 3d DCA 2006), review granted, 959 So.2d 717 (Fla.2007); Estevez v. Crosby, 858 So.2d 376, 377 (Fla. 4th DCA 2003). Certainly an instruction that nullifies a defendant's sole defense must affect the fairness of the proceeding. See Cardenas v. State, 867 So.2d 384 (Fla.2004); Grier v. State, 928 So.2d 368 (Fla. 3d DCA 2006), review denied, 952 So.2d 1191 (Fla.2007). It is for this reason that the forcible felony instruction only applies in situations where the defendant is charged with a separate independent forcible felony as defined by section 776.08, Florida Statutes (2006). Since all fundamental error by its very nature is harmful error,[2] and since Mr. Granberry was not charged with a second forcible felony separate from the one for which he asserted a claim of self-defense, a reversal is compelled.
Accordingly, we reverse the judgment and sentence and remand to the trial court for a new trial. We also certify conflict with Martinez v. State, 933 So.2d 1155 (Fla. 3d DCA 2006), review granted, 959 So.2d 717 (Fla.2007), which concluded there was no fundamental error in instructing the jury on the forcible felony exception when self-defense was asserted and where there was only one forcible felony charged.
REVERSED and REMANDED.
SAWAYA, J., concurs.
LAWSON, J., concurs specially with opinion.
LAWSON, J., concurring specially.
I concur only because our precedent dictates this result and, absent an en banc decision receding from prior precedent, I must follow it.
Our court has repeatedly held, as has every other district court in Florida, that it is error for the trial court to instruct on the "forcible felony exception to self-defense" in a case where there is no evidence that the defendant was engaged in a separate forcible felony other than the one charged. I believe this holding to be inconsistent with the law.
Section 776.041(1), Florida Statutes, provides that the justification of self-defense or defense of others is not available to a person who "[i]s attempting to commit, committing, or escaping after the commission of, a forcible felony." By its express terms, this statute applies irrespective of the number of felonies that the defendant is committing or attempting to commit. Id. So, a forcible felony instruction clearly should be given when a defendant is already engaged in the commission of a forcible felony and the victim (or a third party attempting to defend the victim) attempts to use deadly force to stop the defendant's crime.
For example, assume a case in which the defendant has planned to murder a man by running him over with a car. He finds the man walking down a street, and turns his car toward him. The man narrowly escapes the first pass, when the defendant turns the car and comes at his intended victim again. With nowhere left to run, the intended victim pulls out a gun and shoots at the car in an attempt to save his life. He fails, and is fatally struck by the defendant's car.
Fast forward to trial. The defendant is charged with a single count of first-degree murder. Although third party eye-witnesses testify to the account just narrated, the defendant takes the stand and testifies that he never planned or intended to harm the victim, and never tried to run him over *1047 until after the defendant pulled a gun and started shooting at him. The defendant testifies that he only veered off the road and struck the defendant in self-defense, because the man first shot at him.
Obviously, the jury should be given a self-defense instruction because the defendant is claiming self-defense and his testimony, if believed, would support this theory of defense. But what if the defendant's testimony is not believed? Under the majority's holding, the judge cannot also instruct the jury that a person who is attempting to murder someone cannot claim self-defense. This makes no sense to me.
In my view, there is absolutely no question but that the jury should be instructed on the forcible felony exception on these facts, where only one crime is charged. If the jury believes the third party eye-witness accounts, and concludes that the defendant was already engaged in the commission of a forcible felony (in this case, committing premeditated murder), when the victim pulled the gun, I read section 776.041(1), Florida Statutes, as prohibiting the defendant from justifying the completion of his crime as self-defense. But, again, the rule that we have erroneously created mandates that the forcible felony instruction be given only when the defendant "is charged with at least two criminal acts, the act for which the accused is claiming self-defense as well as a separate forcible felony." Hawk v. State, 902 So.2d 331, 331 (Fla. 5th DCA 2005) (quoting Cleveland v. State, 887 So.2d 362, 363 (Fla. 5th DCA 2004)).
Of course, none of the appellate courts in Florida would have crafted what I firmly view as a patently erroneous rule if this relatively straight-forward issue had not been somehow clouded by something. Unfortunately, the issue was clouded by a poorly written jury instruction.
Florida's standard self-defense jury instruction explains the forcible felony exception in a short clause stating that:
the use of force likely to cause death or great bodily harm is not justifiable if you find [defendant] was attempting to commit, committing or escaping after the commission of [a forcible felony] . . .
Each of Florida's district courts has concluded that this instruction is "circular" and therefore negates the defense of self-defense when only one forcible felony is charged. E.g., Martinez v. State, 933 So.2d 1155 (Fla. 3d DCA 2006); review granted, 959 So.2d 717 (Fla.2007). But that's not the problem. The forcible felony exception is supposed to negate the defense of self-defense  that's the reason for section 776.041(1). And, this is just as true when the act for which the defendant is claiming self defense is the only crime charged. Again, in the example given, the defendant cannot legally justify completing his murder as self-defense just because the victim acted with deadly force to protect himself.
The real problem with the instruction is its failure to adequately address timing  which is the crux of the self-defense debate in most cases. It is possible that the drafters of this instruction intended to address timing by referring to the forcible felony in the past tense ("was"). However, the instruction fails to explain what the forcible felony must precede in order for the exclusion to apply. Adding this missing element, the instruction would read as follows:
"[T]he use of force likely to cause death or great bodily harm is not justifiable if you find [defendant] was already attempting to commit, committing or escaping after the commission of [a forcible felony] at the time of the act or event to which [defendant] alleges to have responded in self-defense..."
*1048 However, because the instruction fails to adequately address timing, the majority is concerned that it could be understood as negating the defense of self-defense even in a case where the jury finds that the defendant initiated the forcible felony (the crime charged) only after (or, in lawful response to) the purported victim's unjustified threat of deadly force against the defendant. To use the prior example, a concern arises only if the jury: (1) believes the defendant[1] and finds that the victim pulled the gun and began shooting at the defendant before the defendant formed the intent to strike the victim with the car or acted on that intent; and (2) concluded that the instruction did not allow them to find that the defendant's actions were justified as self-defense because the state had proven every element of the crime of first degree murder (even though all elements of the crime arose only in response to the victim's use of deadly force). More simply put, the majority's concern is that the jury, in my example, could understand the instruction to mean that killing can never be justified as self-defense. I agree that this understanding of the instruction would involve "circular reasoning;" would improperly negate the defense of self-defense; and would be of great concern. But, unlike the majority, I am completely confident that no jury would ever understand the instruction as applying in this circular fashion, for a number of reasons.
First, the majority's concern is only valid if we believe that a rational jury might conclude that the judge has instructed them to consider a defense that never applies to the crime charged. I cannot fathom that a jury might read a single clause out of a very lengthy instruction as meaning that they should simply ignore the rest of the instruction, because it does not apply to the crime. If a jury actually figured out that the instruction could be read in the circular fashion suggested by the majority, I believe that they would reject the majority's interpretation as inconsistent with the instruction as a whole.
Second, the forcible felony clause is immediately followed in the standard jury instruction by a clause that does address timing, and explains that the crime charged cannot be justified as self-defense if it was the defendant who "initially provoked the use of force" against himself. The appropriate focus on timing in this clause reinforces my view that there is no chance that a jury will be mislead into believing that timing is irrelevant.
Third, of all legal concepts dealt with by the courts, that of self-defense is probably understood better by laypersons than any other. Therefore, I am also confident that no jury would give the instruction the strained and illogical interpretation suggested by the majority when that interpretation would be inconsistent with their firmly-held understanding of the law.
Fourth, in the real world of felony trials, the issue of self-defense is discussed in context and explained to the jury with reference to the facts of a case, by the attorneys for the parties. I have never seen or heard of an instance in which a prosecutor told a jury in closing argument that the forcible felony instruction means that they cannot consider self-defense, because self-defense can never justify the forcible felony charged in the information or indictment. Rather, both sides properly argue the facts, in context, properly applying the law. Given my example, the prosecutor would most likely agree that the jury should acquit the defendant if he simply struck the victim in response to the *1049 victim's unprovoked attack with a firearm. Then, the remainder of the argument would focus on the evidence that should convince the jury beyond a reasonable doubt that this is not what happened. The prosecutor would argue the credibility of the eye-witnesses, the defendant's lack of credibility, and supporting physical or other evidence as reasons why the jury should be convinced beyond a reasonable doubt that the defendant was trying to run down the victim before the victim pulled the gun.
In the case on review, for example, it was undisputed that defendant Granberry shot and killed his former friend Alphonzo Scott. The State's witnesses all testified that Granberry and Scott had argued earlier in the day, and that Granberry returned to Scott's house and shot Scott while Scott was standing in the doorway of his home, unarmed. Granberry, on the other hand, claimed that Scott was armed with a rifle and a derringer, and shot at him first. He claims that he only shot back in self-defense. Except for Granberry's own statements, however, there was no evidence to support the claim that Scott shot at Granberry, or was even armed with any type of weapon at the time of his death.[2]
Of course, the prosecutor never suggested to the jury that self-defense could not justify murder as long as she proved each element of the murder charge (the circular argument on which the majority bases its decision to reverse). Rather, the prosecutor argued that the jury should reject Granberry's self-defense argument because there "wasn't any evidence at all that Mr. Scott or his sons had a gun or weapon there. He's shot in the doorway of his own home." The prosecutor implored the jury to use their common sense and to reject "the defendant's version of events" because it was inconsistent with the evidence:
There's no evidence that Mr. Scott or his children or his wife or anybody else there had any firearms and shot at the defendant first. The defendant admits he shot and killed Mr. Scott and he claims on the tape that he did it in self-defense, but any evidence of self-defense isn't there. The opposite is, and I urge you to find the defendant guilty of Second Degree Murder. . . .
This argument was entirely proper, and framed the self-defense argument consistently with an appropriate understanding of the forcible felony instruction. Again, I cannot imagine that the jury would have ignored the issue framed for them by the argument of the parties, and instead given the forcible felony instruction a strained, circular reading that would have rendered any debate as to whether Scott was armed, or shot at Granberry first, legally irrelevant.
For the reasons explained in this opinion, I disagree with the majority's conclusion that it was error to instruct the jury on the forcible felony exception simply because only one forcible felony was charged. I also believe that although the language of the standard instruction should be improved, any error with respect to the language used to instruct the jury in this case was harmless beyond a reasonable doubt. Therefore, I believe the reversal in this case to be a miscarriage of justice. If not bound by our prior precedent, I would affirm.
NOTES
[1] We recognize that the procedural path by which this case reached our court is not as cut and dried as we are presenting it here. We have intentionally abbreviated the discussion on this aspect as it only adds confusion. For the information of those who are curious, however, the original appeal in this case was disposed of by Granberry v. State, 860 So.2d 18 (Fla. 5th DCA 2003). We granted the appellant a belated appeal in Granberry v. State, 919 So.2d 699 (Fla. 5th DCA 2006). The current appeal arises from the belated appeal.
[2] See Reed v. State, 837 So.2d 366, 370 (Fla. 2002).
[1] I am attempting to simplify the factual analysis for ease of discussion. I realize that the jury need not believe the defendant to properly acquit. They should acquit if they have reasonable doubt as to the issue.
[2] Law enforcement responded to the shooting almost immediately, while Granberry was still at the crime scene. The firearm taken from Granberry's person was the only weapon found at the crime scene.