SUAREZ, J.
 

 Ricardo Martinez appeals from his conviction and sentence for improper exhibition of weapon pursuant to section 790.10, Florida Statutes (2009). We affirm.
 

 Martinez was initially charged with aggravated assault with a weapon following an incident in which he pulled a gun on Moisés Godoy, who was walking his dog on a leash near an elementary school. Martinez was at the school to pick up his young daughters; he asserted that he retrieved his gun to protect his daughters, who he believed were being threatened by Godo/s dog. The jury convicted Martinez of the lesser included offense of improper exhibition of a weapon. Martinez was sentenced to sixty days in county jail followed by ten months of probation.
 

 The State and the defense agreed upon a set of jury instructions and defense counsel made no objection to the wording. The instruction as given for the lesser included offense mistakenly substituted the phrase “aggravated assault” instead of “improper exhibition of a weapon” in the concluding sentence of that jury instruction.
 
 [1]
 
 Martinez contends that this error effectively
 
 *1064
 
 nullified his “defense of others” theory, which led to an erroneous guilty verdict and deprived him of a fair trial. He concludes that the error is fundamental. We disagree.
 

 Because counsel did not contemporaneously object to the wording of the jury instruction, we must determine whether the error reaches “down into the validity of the trial itself to the extent that the verdict of guilty could not have been obtained without the assistance of the alleged error.”
 
 State v, Delva,
 
 575 So.2d 643, 644-45 (Fla.1991). Moreover, an erroneous jury instruction constitutes fundamental error “when the omission is pertinent or material to what the jury must consider in order to convict.”
 
 Id.
 
 at 645.
 

 In this case, Martinez asserted a “defense of others” theory below, and argues that the incorrect phrase in the jury instruction nullified his defense. Despite the incorrect terminology, used only once, that instruction in context and read together with the jury instructions as a whole made it quite clear as to the elements necessary to convict Martinez of the crime of improper exhibition beyond a reasonable doubt.
 
 [2]
 
 The incorrect language did not eliminate the appellant’s “sole defense” and is not fundamental, reversible error.
 
 See Grier v. State,
 
 928 So.2d 368, 370 (Fla. 3d DCA 2006);
 
 cf. Smith v. State,
 
 521 So.2d 106, 108 (Fla.1988) (finding that the inadequacy of the old standard jury instruction on the insanity defense was not so flawed as to deprive the defendant of his defense or of a fair trial). Furthermore, the error was ameliorated by the trial court’s instructions on justifiable use of force.
 
 [3]
 

 
 *1065
 
 This Court follows the Florida Supreme Court’s analysis of challenged jury instructions as set forth in
 
 Garzon v. State,
 
 980 So.2d 1038, 1043 (Fla.2008), and reviews the “totality of the record” for fundamental error.
 
 Brown v. State,
 
 35 So.3d 148, 152 (Fla. 3d DCA 2010). The totality of the instructions provided to the jury in this case, including the “justifiable use of non-deadly force” instruction, put all of the other instructions in the proper context.
 
 See id.
 
 at 151. The instructions when read as a whole sufficiently cured the error in the language of the “improper exhibition of a weapon” jury instruction and clearly articulated that if the jury had “a reasonable doubt on the question of whether the defendant was justified in the use of non-deadly force” they should find him not guilty.
 
 [4]
 
 Accordingly, we find no fundamental error in the jury instruction and affirm the conviction for improper exhibition of a weapon.
 

 Affirmed.
 

 [1]
 

 .The jury was instructed with a modified version of Florida Standard Criminal Jury Instruction 10.5 that provided:
 

 To prove the crime of improper exhibition of weapon, as a lesser included offense, the State must prove the following three elements beyond a reasonable doubt:
 

 1. Ricardo Martinez had or carried a firearm.
 

 2. Ricardo Martinez exhibited the firearm in a rude, careless, angry or threatening manner.
 

 3. He did so in the presence of one or more persons.
 

 If you find that the defendant committed the aggravated assault in necessary self-defense and/or defense of others, you must find him not guilty.
 

 [emphasis added].
 

 [2]
 

 . Whether the self-defense clause of section 790.10, Fla. Stat., was part of the enacting or subsequent clause is of little consequence in this matter. The error neither reached the "validity of the trial” nor deprived the appellant of his "sole defense.”
 
 Delva,
 
 575 So.2d at 644;
 
 Grier,
 
 928 So.2d at 370.
 

 [3]
 

 . The jury was also instructed on the justifiable use of non-deadly force:
 

 An issue in this case is whether the defendant acted in self defense. It is a defense to the offense with which RICARDO MARTINEZ is charged if the injury to MOISES GODOY resulted from the justifiable use of non-deadly force.
 

 [[Image here]]
 

 RICARDO MARTINEZ would be justified in using non-deadly force against MOISES GODOY if the following two facts are proved:
 

 1. RICARDO MARTINEZ must have reasonably believed that such conduct was necessary to defend himself or another against MOISES GODOY or his dog’s imminent use of unlawful force against RICARDO MARTINEZ or another person.
 

 2. The use of lawful force by MOISES GO-DOY or his dog must have appeared to RICARDO MARTINEZ to be ready to take place.
 

 3.In deciding whether the defendant was justified in the use of non-deadly force, you must judge him by the circumstances by which he was surrounded at the time the force was used. The danger facing the defendant need not have been actual; however, to justify the use of non-deadly force, the appearance of danger must have been so real that a reasonably cautious and prudent person under the same circumstances would have believed that the danger could be avoided only through the use of that force. Based upon appearances, the defendant must have actually believed that the danger was real.
 

 In considering the issue of self-defense or defense of others, you may take into account the relative physical abilities and capacities of the defendant, MOISES GODOY and MOISES GODOY’s dog.
 

 If, in your consideration of the issue of self-defense or defense of others you have a reasonable doubt on the question of whether the defendant was justified in the use of non-deadly force, you should find the defendant not guilty.
 

 However, if from the evidence you are convinced that the defendant was not justified in the use of non-deadly force, then you should find him guilty if all the elements of the charge have been proved.
 

 [4]
 

 .
 
 See Martinez
 
 v.
 
 State,
 
 981 So.2d 449, 455 (Fla.2008) (holding that where the challenged jury instruction involves an affirmative defense, as opposed to an element of the crime, fundamental error only occurs where a jury instruction is "so flawed as to deprive defendants claiming the defense ... of a fair trial”).