PER CURIAM.
 

 In view of the decision by the Florida Supreme Court in
 
 Martinez v. State,
 
 981 So.2d 449 (Fla.2008), we have vacated and withdrawn our prior mandate issued in this cause, and have reconsidered the merits. In light of
 
 Martinez,
 
 we now conclude that the giving of the forcible felony instruction was not fundamental error under the facts of this case, and as it was unob-
 
 *425
 
 jeeted to in the present case, we find no error in that regard.
 

 Our ruling on the double jeopardy violation described in the original opinion of this court
 
 [1]
 
 will still require a reversal of the sentence and a remand for a new sentence. Mr. Blanton cannot be convicted of both an aggravated battery with a firearm and the related firearm possession offense.
 

 Finally, while we continue to hold that it was error to allow the State to call and examine Mr. Blanton’s confidential mental health expert because Mr. Blanton had not waived the privilege associated with communications with that expert, our review of the limited testimony actually elicited from the expert leads us to conclude that the error was harmless beyond a reasonable doubt.
 

 Accordingly, we reverse the judgment and sentence and remand this matter to the trial court for the imposition of a new sentence based on either the aggravated battery with a firearm offense or the firearm possession offense, but not both.
 

 REVERSED and REMANDED with INSTRUCTIONS.
 

 PALMER, C.J., SAWAYA and MONACO, JJ., concur.
 

 [1]
 

 .
 
 Blanton v. State,
 
 956 So.2d 480 (Fla. 5th DCA 2007),
 
 decision quashed by
 
 999 So.2d 1061 (Fla.2009).